NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODOLFO HERNANDEZ-YANEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-589

Agency No.
A205-157-239

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2024**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Rodolfo Hernandez-Yanez, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals' (BIA) decision affirming an Immigration

Judge's (IJ) denial of withholding of removal and relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the final order of removal.[1]  "We review the denial of . . . withholding of removal and CAT claims for substantial evidence," and "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  We deny the petition.

1.     Substantial evidence supports the agency's determination that Hernandez-Yanez was not eligible for statutory withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 & n.2 (9th Cir. 2017).

With regard to past persecution, Hernandez-Yanez conceded that he was never physically harmed in Mexico.  Rather, he stated that he was psychologically harmed by "two or three" in-person threats in 1994 or 1995, and later, by anonymous threats over the phone in 2016 while he was in the United States.  But no record evidence suggests that the threats in 1994 or 1995 related to the telephonic threats in 2016.  Moreover, the unknown callers have not contacted him since the 2016 incident. *See Duran-Rodriguez*, 918 F.3d at 1028 ("We have been most likely to find persecution where threats are repeated, specific and 'combined

---

[1] Because the BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I&N Dec. 872, 874 (B.I.A. 1994), we "look through the BIA's decision and treat the IJ's decision as the final agency decision for purposes of this appeal." *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).

with confrontation or other mistreatment.'" (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000))). Consequently, the record does not compel a conclusion contrary to the agency's determination that these threats failed to establish past persecution. *See* 8 C.F.R. § 1208.16(b)(1); *Duran-Rodriguez*, 918 F.3d at 1028 ("[C]ases with threats alone, particularly anonymous or vague ones, rarely constitute persecution."); *Lim*, 224 F.3d at 936 ("Threats standing alone, however, constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997))).

Substantial evidence also supports the determination that Hernandez-Yanez did not establish a clear likelihood of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.16(b)(2); *Duran-Rodriguez*, 918 F.3d at 1029. Hernandez-Yanez claims membership in two proposed particular social groups of "imputed witnesses to cartel criminal activity" and "the Hernandez-Yanez Family."

First, substantial evidence supports the agency's conclusion that "imputed witnesses to cartel criminal activity" is not a cognizable social group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–43 (9th Cir. 2020). The record contains only general evidence about witness protection programs available in Mexico. That evidence neither discusses individuals who are *imputed* witnesses to criminal

activity, nor does it assert that Mexican society recognizes imputed witnesses as a distinct group. *See id.* at 1243. Additionally, Hernandez-Yanez's testimony that he believed he was threatened by cartel members because they thought he reported on them "shows only individual retaliation, not persecution on account of membership in a distinct social group." *Id.*

Second, the agency did not err in finding that Hernandez-Yanez failed to establish a nexus between the harm he fears and his membership in "the Hernandez-Yanez Family." Substantial evidence shows that although Hernandez-Yanez's family members have been victims to various crimes in Mexico, the incidents do not appear to be related to each other or motivated by each individual's membership in the Hernandez-Yanez Family. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Nor does the record compel the conclusion that the threats made against Hernandez-Yanez were motivated by his family membership. In sum, the record does not compel a conclusion contrary to the agency's determination that Hernandez-Yanez is ineligible for withholding of removal. *See B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022) ("[U]nder the extremely deferential substantial-evidence standard . . . we treat [factual] findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks and citation omitted)).

2. Substantial evidence also supports the agency's denial of CAT relief.

4    23-589

The agency reasonably found that Hernandez-Yanez failed to establish that he would face a particularized threat of torture by or with the acquiescence of a government official. *See id.* at 844. Hernandez-Yanez testified that he believed police agencies protected individuals involved in organized crime. But he also stated he believed that the Mexican government would "take action" against a corrupt police officer because assisting cartels is illegal in Mexico. And although Hernandez-Yanez provided reports of violent conditions in Mexico, "[g]eneralized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture." *Id.* at 845.

3. Finally, Hernandez-Yanez argues that the agency violated his due process rights by failing to consider "key testimony and evidence in the record." Hernandez-Yanez fails to offer any evidence showing that the agency overlooked parts of the record, so the due process argument fails. *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) ("[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence.").

**PETITION DENIED.**

23-589